[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether a party that has been adjudged immune upon a motion for summary judgment may nevertheless be cited in for purposes of apportionment of liability pursuant to General Statutes § 52-572h.
The plaintiff filed this personal injury complaint against defendants John's Refuse Removal, Inc. and the Town of North Branford. The town's motion for summary judgment was granted by the court, Gray, J., on January 24, 1994. Because no memorandum of decision was issued, the movant takes the position that the town has not been held to be an immune party, as the plaintiff and the town claim.
The plaintiff and the town invoke General Statutes § 52-102, CT Page 10486 which provides that "no person who is immune from liability shall be made a defendant in the controversy."
The Town raised two grounds in support of its motion for summary judgment as to the plaintiffs' claim. The first ground was that the actions complained of were discretionary actions of municipal employees for which the town is immune from liability pursuant to General Statutes § 52-557(a)(2)(B). The second ground was a variant of this claim of immunity, in that the town argued that it could not be held liable for the negligence of the other defendant.
Since both of the grounds asserted in support of the motion for summary judgment claimed immunity from liability, Judge Gray's ruling must necessarily be regarded as having found the town immune. As the law of the case, see Breen v. Phelps, 186 Conn. 86
(1982), the Town of North Branford has been determined to be immune from liability concerning the incident at issue and it cannot, therefore, pursuant to § 52-102, be cited in for purposes of apportioning liability.
The motion to cite in the Town of North Branford is denied.
Beverly J. Hodgson Judge of the Superior Court